# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:20-bk-03138** |
| **OLD TIME POTTERY, LLC[1],** | ) | **Chapter 11** |
| | ) | **Judge Marian F. Harrison** |
| Debtor. | ) | |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: April 16, 2021
IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE HELD ON May 4, 2021 at 9:00 a.m. by AT&T conference line number 1-888-363-4749, Access Code 4511038#.**

## NOTICE OF OBJECTION TO CLAIM 2 FILED BY THREE HANDS CORP.

Old Time Pottery, LLC and its affiliate Debtor, OTP Holdings, LLC (collectively "Old Time Pottery", the "Company", or the "Debtors"), as reorganized debtors, have filed an objection to your claim in this bankruptcy case.

**YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED. You should read these papers carefully and discuss them with your attorney, if you have one.** If you do not want the Court to eliminate or change your claim by entering the attached order, or if you want the Court to consider your views on the objection to your claim, then on or before the response date stated above, you or your attorney must:

1. File with the court your response explaining your position and indicating why the objection should not be approved. Please note: the Bankruptcy Court for the Middle District of Tennessee requires electronic filing. Any response or objection you wish to file must be submitted electronically. To file electronically, you or your attorney must go to the court website and follow the instructions at: <https://ecf.tnmb.uscourts.gov>.

   If you need assistance with Electronic Filing you may call the Clerk's Intake Department at (615) 736-5584.

2. Your response must state the deadline for filing responses, the date of the scheduled hearing and the motion to which you are responding.

   If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by viewing the case on the court's website at <https://ecf.tnmb.uscourts.gov>.

   If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

---

[1] The Debtor's "Affiliate Debtor" that is jointly administered within this case, is OTP Holdings, LLC, Case No. 3:20-bk-03139.

Respectfully submitted,

/s/ Michael Tackeff
Paul G. Jennings, TN Bar No. 14367
Glenn B. Rose, TN Bar No. 10598
Gene L. Humphreys, TN Bar No. 21807
Michael C. Tackeff, TN Bar No. 36953
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
pjennings@bassberry.com
grose@bassberry.com
ghumphreys@bassberry.com
michael.tackeff@bassberry.com

*Counsel for Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | **Case No. 3:20-bk-03138** |
| **OLD TIME POTTERY, LLC,**[1] ) | **Chapter 11** |
| ) | **Judge Marian F. Harrison** |
| Debtor. ) | |

## DEBTORS' OBJECTION TO CLAIM NUMBER 2 FILED BY THREE HANDS CORP.

Old Time Pottery, LLC and its affiliate Debtor, OTP Holdings, LLC (collectively "Old Time Pottery" or the "Debtors"), as reorganized debtors, by and through their undersigned counsel, hereby object to claim number 2 (the "Claim") filed by Three Hands Corp. (the "Claimant") and request entry of an order disallowing the Claim in its entirety, pursuant to sections 502 and 1111 of title 11 of the United States Code (the "Bankruptcy Code"); and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Claim has been assigned to TRC Master Fund, LLC (Dkt. No. 416). In support of their objection, the Debtors submit the Declaration of Jonathan Tyburski, Chief Financial Officer of the Debtors (attached as **Exhibit A**) and state as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtor's "Affiliate Debtor" that is jointly administered within this case, is OTP Holdings, LLC, Case No. 3:20-bk-03139.

3.  The statutory bases for the relief requested herein are sections 501, 502, and 1111(a) of the Bankruptcy Code; and Bankruptcy Rule 3007.

## BACKGROUND

4.  Debtors filed a voluntary petition seeking relief under chapter 11 of title 11 of the United States Code on June 28, 2020 (the "Petition Date"). The Debtors are debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  On July 8, 2020, the United States Trustee for the Middle District of Tennessee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed.

6.  On October 15, 2020, the Court entered an Order (Docket No. 371) confirming the Debtors' Corrected Amended Chapter 11 Plan (the "Plan," Docket No. 287). The Effective Date, as defined in the Plan, occurred on November 2, 2020.

## RELIEF REQUESTED

7.  The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit B**, pursuant to sections 501, 502, and 1111(a) of the Bankruptcy Code; and Bankruptcy Rule 3007 disallowing the Claim.

## BASIS FOR RELIEF

8.  The Plan expressly provides that this Court retains exclusive jurisdiction "to determine any and all objections to the allowance, extent, priority or nature of any Claims, the amount and proper classification of the Claim of any Holder and the determination of such

objections as may be filed to any Claims." Plan, Article XII (a).[2]  The Plan also provides that all Allowed Claims will be paid in full.

9.  Bankruptcy Code section 502(a) and Bankruptcy Rule 3007 authorize the Debtors to object to any proof of claim that they do not believe is valid.

10.  The Debtors assert that certain amounts included in the Claim were paid by the Debtors prior to the commencement of these Cases.  The amount paid was $51,583.55, and Debtors assert that this amount of the Claim is invalid.  The remainder of the Claim is not disputed, and Debtors have already made the first payment due on the undisputed portion of the Claim to the Assignee, TRC Master Fund, LLC (Dkt. No. 416).

11.  "An objection to a claim is a contested matter within the meaning of Bankruptcy Rule 9014." 4 *Collier on Bankruptcy* ¶ 502.02[3][b] (15th ed. rev.1997). "[B]y filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims ...." *Langenkamp v. Culp,* 498 U.S. 42, 44 (1990) (*per curiam*).  The aspects of the claims-allowance process for claims that are not part of the liquidation process are core proceedings that a bankruptcy court has the authority to hear and determine. *In re Dow Corning*, 215 B. R. 346, 359 (Bankr. E.D. Mich. 1997).  Resolution of an objection to a claim is a non-core proceeding only with respect to fixing the amount of an otherwise valid allowed claim. *Id.*

12.  The Claim is subject to disallowance by this Court because it is unenforceable against the Debtors under any agreement or applicable law.  *See* section 502(b)(1) of the Bankruptcy Code.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court: (a) enter the Order

---

[2] All capitalized terms not defined in this Objection shall have the meaning ascribed to them in the Plan.

disallowing the Claim; and (b) grant such other and further relief to the Debtors as the Court may deem proper and just.

Respectfully submitted,

/s/ Michael Tackeff
Paul G. Jennings, TN Bar No. 14367
Glenn B. Rose, TN Bar No. 10598
Gene L. Humphreys, TN Bar No. 21807
Michael C. Tackeff, TN Bar No. 36953
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
pjennings@bassberry.com
grose@bassberry.com
ghumphreys@bassberry.com
michael.tackeff@bassberry.com

*Counsel for Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that this 19th day of March, 2021 the foregoing was filed in the above-captioned case with the Clerk of Court using the CM/ECF system, which will then send notification of filing to all registered users in this case, and that a true and correct copy was served upon the following, via U.S. Mail, postage prepaid:

Three Hands Corp.
13259 Ralston Ave.
Sylmar, CA 91342

TRC Master Fund LLC
PO Box 633
Woodmere, NY 11598

/s/ Michael Tackeff
Michael Tackeff

# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:20-bk-03138** |
| **OLD TIME POTTERY, LLC[1],** | ) | **Chapter 11** |
| | ) | **Judge Marian F. Harrison** |
| **Debtor.** | ) | |

**DECLARATION OF JONATHAN TYBURSKI, CHIEF FINANCIAL OFFICER OF THE DEBTORS, IN SUPPORT OF DEBTORS' OBJECTION TO CLAIM NUMBER 2 FILED BY THREE HANDS CORP.**

I, Jonathan Tyburski, hereby declare under penalty of perjury that the following statements are true to the best of my knowledge, information and belief:

1. I am the Chief Financial Officer of Old Time Pottery, LLC ("Old Time Pottery"). I have served in this position since late 2017.

2. This Declaration is submitted in support of Debtors' Objection to Claim Number 2 filed by Three Hands Corp. ("Claim"). This Declaration is submitted pursuant to Local Rule 3007-1(2), and all statements herein are based upon my personal knowledge, the business records of Old Time Pottery and a review of the relevant proof of claim.

3. To the best of my knowledge, information and belief, all information in the Objection is true and correct. Debtors dispute that they are liable for any debt by the claimant filing the Claim.

4. The grounds for the Objection as set forth therein are based on the information known by me as of the date hereof.

Further Declarant sayeth not.

Dated March 16, 2021.

/s/ Jonathan Tyburski
Jonathan Tyburski

---

[1] The Debtor's "Affiliate Debtor" that is jointly administered within this case, is OTP Holdings, LLC, Case No. 3:20-bk-03139.

# **EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | **Case No. 3:20-bk-03138** |
| **OLD TIME POTTERY, LLC,**[1] ) | **Chapter 11** |
| ) | **Judge Marian F. Harrison** |
| Debtor. ) | |

## ORDER DISALLOWING CLAIM NUMBER 2 FILED BY THREE HANDS CORP.

Upon the objection (DN ___, the "Objection")[2] of the above-captioned reorganized Debtors for entry of an order disallowing claim number 2 filed by Three Hands Corp. (the "Claim") pursuant to sections 502, and 1111(a) of title 11 of the United States Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure, all as more fully set forth in the Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Objection was properly given to the claimant filing the Claim; and this Court having found that the Debtors are entitled to the relief requested in the Objection;

---

[1] The Debtor's "Affiliate Debtor" that is jointly administered within this case, is OTP Holdings, LLC, Case No. 3:20-bk-03139.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion, and in the Plan if not defined in the Objection.

Case 3:20-bk-03138   Doc 669   Filed 03/19/21   Entered 03/19/21 14:29:49   Desc Main
Document      Page 10 of 12

and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Claim number 2 filed by Three Hands Corp. (the "Claim") is hereby reduced from the filed amount by $51,583.55. The Claim shall be Allowed in the amount of $104,270.80.

2. The Debtors have no obligation to make any distribution under the Plan on the disallowed portion of the Claim.

3. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, including without limitation introducing this Order to obtain the dismissal of any proceeding related to the Claim that the claimant may have filed or may file in the future.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

> This order was signed and entered electronically as indicated at the top of the first page.

APPROVED FOR ENTRY:

_____
Paul G. Jennings, TN Bar No. 14367
Glenn B. Rose, TN Bar No. 10598
Gene L. Humphreys, TN Bar No. 21807
Michael C. Tackeff, TN Bar No. 36953
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
pjennings@bassberry.com
grose@bassberry.com
ghumphreys@bassberry.com
michael.tackeff@bassberry.com

*Counsel for Debtors*